UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BRENDA BUSCHLE** : | |
| **Plaintiff,** : | **CASE NO.:** |
| vs. : | |
| **COACH, INC.** : | **COMPLAINT** |
| and : | **JURY DEMAND ENDORSED HEREON** |
| **COACH SERVICES, INC.** : | |
| and : | |
| **GREER BURNS & CRAIN, LTD.** : | |
| **Defendants.** : | |

Plaintiff Brenda Buschle d/b/a Designer Handbags Rescue, by and through counsel, for its Complaint against Defendants Coach, Inc., Coach Services, Inc., and Greer Burns & Crain, Ltd. ("GBC") (collectively, the "Defendants") (Defendants Coach, Inc. and Coach Services, Inc. are collectively referred to as "Coach") states as follows:

## THE PARTIES

1. Ms. Buschle resides in at 5961 Springdale Road, Cincinnati, Ohio. She owns and operates, as a sole proprietor, an online business selling new and used genuine designer handbags under the trade name Designer Handbags Rescue. Her residence also serves as Designer Handbags Rescue's principle place of business.

2. Defendant Coach, Inc. is a Maryland corporation with its principal place of business in New York, New York.

3. Defendant Coach Services, Inc. is also a Maryland corporation with its principal place of business in Jacksonville, Florida.

4. GBC is an Illinois corporation with its principal place of business in Chicago, Illinois. GBC is a law firm based in Chicago that markets itself as a firm that specializes in intellectual property law.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to the 28 U.S.C. §§ 1332(a) in that there is complete diversity of citizenship between Plaintiff and Defendants, and the cumulative amount in controversy for Plaintiff exceeds $75,000, exclusive of interest and costs. The Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 in that the claims at issue arise under arising under the Constitution, laws, or treaties of the United States, and has supplemental jurisdiction over all other claims as they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

7. Ms. Buschle owns and operates the website www.designerhandbagsrescue.com (the "Website"), and up until January 2016, used the Website to conduct her operations for Designer Handbags Rescue. On the Website, Ms. Buschle marketed new and used genuine designer handbags at a significant discount compared to what the handbags cost at other retailers. Utilizing the Website, she sold these handbags throughout the United States, and therefore, is engaged in interstate commerce.

8. Coach is the self-proclaimed worldwide leader in the design, manufacture, and marketing of leather and mixed material products and fashion accessories. One of Coach's main product lines is its handbags. It sells these handbags at premium prices and high profit margins in

the marketplace. Coach's sales of handbags and other products have helped it achieved sales and revenues exceeding $4 billion in each of the last four years.

9. During the time that Ms. Buschle operated Designer Handbags Rescue, she has marketed and sold, among other brands, new and used genuine Coach handbags on the Website at a significant discount to prices that Coach gets through its retailers in the marketplace. By doing so, Ms. Buschle, at all relevant times, was a competitor of Coach.

## MS. BUSCHLE SPENT YEARS BUILDING HER REPUTATION AND THE BRAND DESIGNER HANDBAGS RESCUE

10. Since inception, Ms. Buschle has had to battle the perception that discount designer handbags sold online are counterfeit products imported from foreign countries like China.

11. To overcome this, she was very transparent about her business. For instance, Ms. Buschle stated directly on the Website that "Designer Handbags Rescue is owned and operated by a mother-daughter team located in Cincinnati, Ohio," has "acquired contracts with numerous authorized merchants, including liquidators and national department stores, to purchase overstock, closeouts, shelf pulls, display bags and even bulk-lot customer returns," and "only purchase[s] from vendors in the USA." In addition, she included Designer Handbags Rescue's address as 5961 Springdale Road, Cincinnati, Ohio 45247, her personal cell phone number with a Cincinnati, Ohio area code, and links to customer reviews that detailed satisfied customers attesting to the authentic products that they purchased on the Website.

12. Since starting the Website in 2012, Ms. Buschle invested significant time and money to build her reputation through marketing, good business practices, and excellent customer service. She also invested significant time and money in order to generate traffic for the Website.

3

13. Although it took years to do so, she established a good, solid business built on Designer Handbags Rescue's reputation for selling genuine and authentic designer handbags at a good price.

## AS DESIGNER HANDBAGS RESCUE'S REPUTATION HAS GROWN, SO DID ITS FINANCIAL SUCCESS

14. As Designer Handbags Rescue's reputation grew, so did its financial success. In 2012, Designer Handbags Rescue's revenues were just shy of $150,000. In 2013, those revenues increased to over $260,000, and in 2014, Designer Handbags Rescue's revenues climbed to over $310,000.

15. Designer Handbags Rescue's revenues continued to skyrocket at the beginning of 2015. In fact, Designer Handbags Rescue's sales in the first quarter of 2015 were up 24% compared to the first quarter of 2014.

16. In addition, traffic on the Website steadily increased since the company's inception and surged to around 1,500 hits per day in the first quarter of 2015.

17. However, due to the illegal actions of Coach and GBC, that all changed.

## THE ILLEGAL ACTIONS OF GBC AND COACH

18. On April 6, 2015, Coach, through its counsel GBC, filed a lawsuit in the United States District Court for the Northern District of Illinois under Case No. 15-cv-2994 naming Designer Handbags Rescue as a defendant.[1] In the Complaint (the "Illinois Complaint"), Coach and GBC stated, among other things, that:

- Ms. Buschle resides in "the People's Republic of China or other foreign jurisdictions;"

- Ms. Buschle is an "online counterfeiter" who sells "unauthorized and unlicensed counterfeit products;"

---

[1] The Illinois Complaint identified the defendants in Schedule A, which was filed under seal.

4

- Ms. Buschle and Designer Handbags Rescue are part of "an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing counterfeit versions of the COACH trademarks;"

- Ms. Buschle creates "[i]nternet [s]tores by the hundreds or even thousands and design[s] them to appear to be selling genuine Coach products, while actually selling [c]ounterfeit Coach [p]roducts to unknowing customers" and attempts "to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation."

- Ms. Buschle contributes "to tens of thousands of lost jobs for legitimate business and broader economic damages such as lost tax revenue every year."

- Ms. Buschle "maintain[s] off-shore bank accounts and regularly move funds from [her] PayPal accounts to off-shore bank accounts."

- Ms. Buschle has "sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeit reproductions of the COACH Trademarks without Coach's permission."

19. None of these allegations made against Ms. Buschle and/or Designer Handbags Rescue were true. Furthermore, despite the fact that Ms. Buschle's personal address and cell phone were listed directly on the Website, Coach or GBC never served the Illinois Complaint on Ms. Buschle.

20. Shortly after filing the Illinois Complaint, Coach and GBC filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Transfer of the Defendant Domain Names, a Temporary Asset Restraint, and Expedited Discovery (the "*Ex Parte* Motion"), which repeated many of the false and defamatory statements contained in the Illinois Complaint and requested, among other things, an *ex parte* order under the Lanham Act to seize the Website.

5

21. Based on the false and objectively baseless allegations contained in the Illinois Complaint and the *Ex Parte* Motion, Coach and GBC obtained an *ex parte* order from the Northern District of Illinois shutting down the Website.

22. On April 16, 2015, without providing any notice to Ms. Buschle whatsoever, Coach and GBC took control of Ms. Buschle's domain name, took possession of the Website, and locked Ms. Buschle out of the Website, effectively shutting down Designer Handbags Rescue's operations.

23. Furthermore, Coach and GBC posted the following statements on the Website for everyone to see:

- "WARNING: Website Shut Down! The online store that formerly used this domain has been disabled, pursuant to a U.S. federal court order, for the sale of products bearing counterfeit trademarks;"

- "To purchase authentic products, visit Coach.com;"

- "This domain was previously held for the sale of alleged counterfeit COACH products. Control of this domain has been transferred to Coach, the rightful owner of the COACH Trademarks, for violation of federal trademark and counterfeiting laws. Coach took this action to protect the Coach brand and consumers unknowingly purchasing counterfeit products;" and

- "We recommend that you contact your payment provider to obtain a refund."

24. GBC and Coach also published links to the Complaint and the *Ex Parte* Motion on the Website, both of which were never previously provided to Ms. Buschle and contained numerous false and defamatory statements about Ms. Buschle and her business

25. A true and accurate copy of a screenshot of Ms. Buschle's website on April 16, 2015 is attached as Exhibit 1 and is hereby incorporated by reference. Furthermore, true and accurate copies of the Illinois Complaint and *Ex Parte* Motion are attached as Exhibits 2 and 3 and are also hereby incorporated by reference.

26. None of the statements that GBC and Coach posted on the Website were true. Nor were any of the statements about Ms. Buschle or Designer Handbags Rescue appearing in the Illinois Complaint and *Ex Parte* Motion, which GBC and Coach published on the Website.

27. Only until Ms. Buschle obtained counsel and sent Coach a demand letter did Coach and GBC relinquish control of the Website and dismiss Designer Handbags Rescue from the lawsuit. A copy of this demand letter is attached as Exhibit 4 to this Complaint.

**COUNTLESS CUSTOMERS AND POTENTIAL CUSTOMERS VISITING THE WEBSITE SAW THE FALSE AND DEFAMATORY STATEMENTS**

28. Due to Coach's and GBC's illegal actions, Ms. Buschle's business remained shut down and the false and defamatory statements remained on the Website for more than 24 hours.

29. During that time, Designer Handbags Rescue was not only prohibited from doing business, but all of Designer Handbags Rescue's existing and potential customers visiting the Website saw the defamatory statements on the Website.

30. None of the existing and potential customers visiting the Website during this time were directly interested in the lawsuit pending in the Northern District of Illinois.

31. Moreover, a number of customers who previously purchased genuine handbags returned their items and others canceled orders.

**COACH'S AND GBC'S ILLEGAL ACTIONS HAVE HAD DISASTROUS, LONG-TERM EFFECTS AND DESTROYED MS. BUSCHLE'S BUSINESS**

32. Despite the rapid growth in revenue that Designer Handbags Rescue experienced up until April 16, 2015, revenues and profits have plummeted since that date.

33. Revenues that were up 24% in the first quarter of 2015 as compared to 2014 declined significantly. Average monthly revenues decreased by nearly 50% the last half of the year with some of these months being down as much as 56% and 64% from the same month for the previous year.

7

34. Similarly, profits have sharply declined as well and were down more than 45% per month as compared to 2014.

35. In fact, despite Ms. Buschle's significant efforts to recover from Coach's and GBC's illegal actions, she was unable to do so, and in January of 2016, due to the significant and irreparable damage that she suffered as a result of Coach and GBC, she closed down Designer Handbags Rescue and the Website.

## COUNT I
### (Wrongful Seizure under Lanham Act 15 U.S.C. 1116(d)(11) – Coach)

36. Coach's seizure of the Website on April 16, 2015 was obtained via an *ex parte* order and without any notice such that Ms. Buschle was provided no opportunity whatsoever to defend against the baseless and false allegations that Coach used to obtain the order.

37. The Website that Coach seized was legitimate, did not involve the sale of any counterfeit Coach products, and did not improperly infringe on any Coach trademarks under the law.

38. Furthermore, Coach seized the Website in bad faith such that it either intentionally and maliciously seized the Website to materially harm a competitor in the marketplace or did so without adequately investigating the Website, Designer Handbags Rescue, and/or Ms. Buschle.

39. As a direct and proximate result of Coach's wrongful seizure of the Website, Ms. Buschle suffered significant damage to her business in the form of lost sales, lost profits, loss of good will, damage to her reputation and the reputation of Designer Handbags Rescue, and other losses in an amount in excess of $75,000.00 that will be determined by the trier of fact at trial.

40. Accordingly, Coach is liable for compensatory damages, punitive damages, attorneys' fees and costs, prejudgment and post-judgment interest, and all other relief permitted under the Lanham Act.

## COUNT II
### (Conversion – GBC)

41. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

42. At all times since 2012, Ms. Buschle, as the sole proprietor of Designer Handbags Rescue, was the legal owner, had exclusive control over, and had the right to possess the Website.

43. GBC improperly took ownership, control, and possession of the Website on April 16, 2015. Moreover, GBC took control over the Website by making false and defamatory representations about Ms. Buschle and Designer Handbags Rescue.

44. Ms. Buschle demanded return of the Website after its seizure by GBC. By committing these wrongful acts, GBC converted the Website.

45. As a direct and proximate result of GBC's conversion, Ms. Buschle incurred significant damages in excess of $75,000 that will be determined by the trier of fact at trial.

46. Accordingly, GBC is liable for compensatory, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT III
### (Conversion – Coach)

47. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

48. Coach, through its counsel, improperly took ownership, control, and possession of the Website on April 16, 2015. Moreover, Coach obtained control over the Website by making false and defamatory representations about Ms. Buschle and Designer Handbags Rescue.

49. Ms. Buschle demanded return of the Website after its seizure by Coach, through its counsel. By committing these wrongful acts, Coach converted the Website.

50. Coach authorized, approved of, and ratified the actions of GBC. Accordingly, Coach, along with GBC, is liable for conversion.

51. As a direct and proximate result of Coach's conversion, Ms. Buschle incurred significant damages in excess of $75,000 that will be determined by the trier of fact in this lawsuit.

52. Accordingly, Coach is liable for compensatory, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT IV
### (Defamation– GBC)

53. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

54. GBC intentionally, wrongfully and without privilege published false and defamatory statements on the Website about Ms. Buschle and Designer Handbags Rescue and these statements were seen by countless potential and existing customers of Designer Handbags Rescue.

55. As a direct and proximate result of GBC's false and defamatory statements, Ms. Buschle suffered significant damages including, but not limited to, canceled orders, lost sales, lost profits, lost value to her business, and significant damage to her reputation and the reputation of Designer Handbags Rescue. These damages greatly exceed $75,000 and will be determined by the trier of fact.

56. Accordingly, GBC is liable for compensatory, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT V
### (Defamation– Coach)

57. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

58. Coach, through its counsel, intentionally, wrongfully and without privilege published false and defamatory statements on the Website about Ms. Buschle and Designer Handbags Rescue and these statements were seen by countless potential and existing customers of Designer Handbags Rescue.

59. To the extent that the statements were published by GBC, its agent and counsel, Coach authorized, approved of, and ratified GBC's statements and actions.

60. As a direct and proximate result of Coach's false and defamatory statements, Ms. Buschle suffered significant damages including, but not limited to, canceled orders, lost sales, lost profits, lost value to her business, and significant damage to her reputation and the reputation of Designer Handbags Rescue. These damages greatly exceed $75,000 and will be determined by the trier of fact.

61. Accordingly, Coach is liable for compensatory, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT VI
### (Defamation *Per Se* – GBC)

62. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

63. The numerous false and defamatory statements that GBC made regarding Ms. Buschle and Designer Handbags Rescue consisted of words that wrongfully indicated or implied that (i) Ms. Buschle and Design Handbags Rescue were involved in a counterfeiting scheme and other criminal offenses involving moral turpitude, (ii) tend to and caused injury to Ms. Buschle in her trade and occupation and impute that Ms. Buschle lacks integrity in her trade and occupation, and (iii) tend to subject a person to public hatred, ridicule, or contempt.

64. As such, GBC is also liable for defamation *per se* in an amount in excess of $75,000 that will be determined by the trier of fact.

65. Accordingly, GBC is liable for compensatory damages, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT VII
### (Defamation *Per Se* – Coach)

66. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

67. Coach, through its counsel, made numerous false and defamatory statements regarding Ms. Buschle and Designer Handbags Rescue that consist of words that wrongfully indicated or implied that (i) Ms. Buschle and Designer Handbags Rescue were involved in a counterfeiting scheme and other criminal offenses involving moral turpitude, (ii) tend to and caused injury to Ms. Buschle in her trade and occupation and impute that Ms. Buschle lacks integrity in her trade and occupation, and (iii) tend to subject a person to public hatred, ridicule, or contempt.

68. To the extent that the statements were published by GBC, its agent and counsel, Coach authorized, approved of, and ratified GBC's statements and actions.

69. As such, Coach is also liable for defamation *per se* in an amount in excess of $75,000 that will be determined by the trier of fact.

70. Accordingly, Coach is liable for compensatory damages, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT VIII
**(Unfair and Deceptive Trade Practices under 815 ILCS 510 - GBC)**

71. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

72. GBC, while carrying out the course of its business and vocation, made false, defamatory, and deceptive statements that:

    (a) misrepresented the characteristics of the goods that Designer Handbags Rescue sold, 815 ILCS 510(2)(a)(5); and

    (b) disparaged Ms. Buschle, Designer Handbags Rescue, and Designer Handbags Rescue's goods, 815 ILCS 510(2)(a)(8).

73. GBC's false, defamatory, and deceptive statements constitute unfair trade practices under Chapter 815 of the Illinois Compiled Statutes.

74. As a direct and proximate result of these unfair trade practices, Ms. Buschle suffered significant actual damages in excess of $75,000 that will be determined by the trier of fact.

75. Accordingly, GBC is liable for compensatory, punitive damages, and prejudgment and post-judgment interest. Furthermore, because GBC willfully engaged in the unfair trade practice, it is also liable for attorneys' fees.

## COUNT IX
### (Unfair and Deceptive Trade Practice under 815 ILCS 510 – Coach)

76. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

77. Coach, through its counsel and during the course of its business, made false, defamatory, and deceptive statements that:

   (a) misrepresented the characteristics of the goods that Designer Handbags Rescue sold, 815 ILCS 510(2)(a)(5);

   (b) disparaged Ms. Buschle, Designer Handbags Rescue, and Designer Handbags Rescue's goods, 815 ILCS 510(2)(a)(8).

78. To the extent that the statements were made and published by GBC, its agent and counsel, Coach authorized, approved of, and ratified GBC's statements and actions.

79. Coach's false, defamatory, and deceptive statements constitute unfair trade practices under Chapter 815 of the Illinois Compiled Statutes.

80. As a direct and proximate result of these unfair trade practices, Ms. Buschle suffered significant actual damages in excess of $75,000 that will be determined by the trier of fact.

81. Accordingly, Coach is liable for compensatory, punitive damages, and prejudgment and post-judgment interest. Furthermore, because Coach willfully engaged in the unfair trade practice, it is also liable for attorneys' fees.

## COUNT X
**(Violations of Lanham Act 15 U.S.C. 1125(a)(1)(B)– GBC)**

82. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

83. After wrongfully seizing or converting the Website, GBC utilized the Website to advertise itself, advertise Coach, and promote its law firm and Coach's products by, among other things, unnecessarily including GBC's name, logo, and address on the Website and directing anyone visiting the Website to "[v]isit Coach.com" in order "[t]o purchase authentic products."

84. In connection with this commercial advertising, GBC made false and misleading descriptions, representations, and statements of fact regarding Designer Handbags Rescue's products when making and publishing the false and defamatory statements on the Website.

85. The false and misleading descriptions, representations, and statements deceived or intended to deceive those who viewed the statements and were material as they likely influenced the decisions of those who may have otherwise purchased Designer Handbags Rescue's products.

86. GBC introduced its false and misleading descriptions, representations, and statements regarding Ms. Buschle and Designer Handbags Rescue's products into interstate commerce by posting those statements on the Website and by publishing false allegations in the Indiana Complaint and the *Ex Parte* Motion on the Website.

87. As a direct and proximate cause of GBC's statements, Ms. Buschle suffered significant harm.

88. Accordingly, GBC is liable for compensatory damages, a disgorgement of profits, and/or statutory damages for violations of Section 1125(a) of the Lanham Act in an amount exceeding $75,000 that will be decided by the trier of fact at trial, treble damages, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT XI
**(Violations of Lanham Act 15 U.S.C. 1125(a)(1)(B)– Coach)**

89. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

90. After wrongfully seizing or converting the Website, Coach, through its counsel, utilized the Website to advertise itself, advertise GBC, and promote its law firm and its products by, among other things, unnecessarily including GBC's name, logo, and address on the Website and directing anyone visiting the Website to "[v]isit Coach.com" in order "[t]o purchase authentic products."

91. In connection this commercial advertising, Coach, through its counsel, made false and misleading descriptions, representations, and statements of fact regarding Designer Handbags Rescue's products when making and publishing the false and defamatory statements on the Website.

92. To the extent that the false and misleading descriptions, representations, and statements of fact were made and published by GBC, its agent and counsel, Coach authorized, approved of, and ratified GBC's statements and actions.

93. The false and misleading descriptions, representations, and statements deceived or intended to deceive those who viewed the statements and were material as they likely influenced the decisions of those who may have otherwise purchased Designer Handbags Rescue's products.

94. Coach, through its counsel, introduced its false and misleading descriptions, representations, and statements regarding Ms. Buschle and Designer Handbags Rescue's products into interstate commerce by posting those statements on the Website and by publishing false allegations in the Indiana Complaint and the *Ex Parte* Motion on the Website.

95. As a direct and proximate cause of Coach's statements, Ms. Buschle suffered significant harm.

96. Accordingly, Coach is liable for compensatory damages, a disgorgement of profits, and/or statutory damages for violations of Section 1125(a) of the Lanham Act in an amount exceeding $75,000 that will be decided by the trier of fact at trial, treble damages, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT XI
### (Tortious Interference with Business Relations - GBC)

97. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

98. At the time that GBC and Coach wrongfully converted the Website, Designer Handbags Rescue had business relationships with a large number of existing or potential customers who have previously purchased or were intending to purchase handbags from it, and had a reasonable expectation of entering into valid business relationships with them.

99. Upon information and belief, GBC knew Ms. Buschle was selling handbags on the Website, and as a result, had knowledge of Designer Handbags Rescue's expectancy of entering into valid business relationships with its existing and potential customers.

100. By wrongfully converting the Website and publishing false statements indicating, among other things, that Designer Handbags Rescue sold counterfeit Coach products, that Coach "recommend[ed] that [customers] contact [their] payment provider to obtain a refund," and that customers should "purchase authentic products" at "Coach.com," GBC intentionally and wrongfully prevented Designer Handbags Rescue's legitimate expectancy from ripening into a valid business relationship.

101. As a direct and proximate result of GBC intentional and wrongful interference, Ms. Buschle suffered damages including, but not limited to, canceled orders, lost sales, and lost customers or potential customers that will be determined by the trier of fact at trial.

102. Accordingly, GBC is liable for compensatory damages, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT XIII
### (Tortious Interference with Business Relations - Coach)

103. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

104. At the time that GBC and Coach wrongfully converted the Website, Designer Handbags Rescue had business relationships with a large number of customers who have previously purchased or were intending to purchase handbags from it, and had a reasonable expectation of entering into valid business relationships with them.

105. Upon information and belief, Coach had knowledge of had knowledge of Designer Handbags Rescue's expectancy of entering into valid business relationships with its existing and potential customers.

106. By wrongfully converting the Website and publishing false statements indicating that Designer Handbags Rescue sold counterfeit Coach products, that Coach "recommend[ed] that [customers] contact [their] payment provider to obtain a refund," and that customers should "purchase authentic products" at "Coach.com," Coach intentionally and wrongfully prevented Designer Handbags Rescue's legitimate expectancy from ripening into a valid business relationship.

107. To the extent that the interference with Designer Handbags Rescue's business relationships was made and performed by GBC, its agent and counsel, Coach authorized, approved of, and ratified GBC's conduct.

108. As a direct and proximate result of Coach's intentional and wrongful interference, Ms. Buschle suffered damages including, but not limited to, canceled orders, lost sales, and lost customers or potential customers that will be determined by the trier of fact at trial.

17

109. Accordingly, Coach is liable for compensatory damages, punitive damages, attorneys' fees, and prejudgment and post-judgment interest.

## COUNT XIV
### (Attorneys' Fees - GBC)

110. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

111. GBC is liable for attorneys' fees because its actions were made in bad faith and were malicious, willful, deliberate, reckless, and/or gross.

## COUNT XV
### (Attorneys' Fees - Coach)

112. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

113. Coach is liable for attorneys' fees because its actions were made in bad faith and malicious, willful, deliberate, reckless, and/or gross.

## COUNT XVI
### (Punitive Damages - GBC)

114. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

115. GBC's actions toward Ms. Buschle were made in bad faith and were intentional, egregious, gross, and reckless, and therefore, Ms. Buschle is entitled to punitive damages from GBC in an amount to be determined by the trier of fact

## COUNT XVII
### (Punitive Damages - Coach)

116. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

117. Coach's actions toward Ms. Buschle were made in bad faith and were intentional, egregious, gross, and reckless, and therefore, Ms. Buschle is entitled to punitive damages from Coach in an amount to be determined by the trier of fact.

## COUNT XVIII
### (Treble Damages - GBC)

118. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

119. Due to GBC's egregious actions, Ms. Buschle is also entitled to treble damages against GBC.

## COUNT XIX
## (Treble Damages - Coach)

120. Ms. Buschle realleges the foregoing paragraphs as if fully restated herein.

121. Due to Coach's egregious actions, Ms. Buschle is also entitled to treble damages against Coach.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff Ms. Buschle demands that the Court grant her a monetary judgment in her favor and against Defendants Coach, Inc., Coach Services, Inc., and GBC consisting of the following:

A. Compensatory damages in an amount greatly exceeding $75,000 that will be determined by the trier of fact at trial;

B. Treble damages;

C. Punitive damages in an amount that is the maximum permitted under the law;

D. Pre-judgment and post-judgment interest;

E. All reasonable attorneys' fees, costs, and expenses that Plaintiffs have incurred as a result of this dispute, this lawsuit, and Defendants' tortious and egregious actions; and

F. All other relief that this Court deems just and proper.

May 30, 2017

Respectfully submitted,

/s/ Bryce A. Lenox
Bryce A. Lenox (0069936)
GILES & LENOX LLC
1018 Delta Avenue, Suite 202
Cincinnati, Ohio 45208
Bryce@GilesLenox.com
Brian@GilesLenox.com
Telephone: (513) 815-3853
Facsimile: (513) 824-8160

LR 83.15 LOCAL COUNSEL:

Vivek Jayaram, Esq.
JAYARAM LAW GROUP, LTD.
33 North LaSalle Street, Suite 2900
Chicago, IL 60602
Telephone: (312) 454-2859
Email: vivek@jayaramlaw.com

*Attorneys for Plaintiff Brenda Buschle*

**JURY DEMAND**

Plaintiff hereby requests a trial by jury with the maximum number of jurors permitted by law on all claims so triable.

/s/ Bryce A. Lenox
Bryce Lenox (0069936)