# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BUSCHLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 4083 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| COACH, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brenda Buschle brought this action against Defendants Coach, Inc., Coach Services, Inc. (collectively referred to as "Coach"), and Greer Burns & Crain, Ltd. ("GBC"). (Dkt. No. 1 at 19.) Defendants Coach and GBC both separately move to dismiss Plaintiff's claims on many theories[1], but the Court dismisses the case pursuant to Illinois's one refiling rule pursuant to 735 ILCS 5/13-217. For the reasons set forth below, the Court grants the Motions to Dismiss [12], [15].

## STATEMENT OF FACTS

The Court takes the following allegations from the Complaint and treats them as true for the purposes of this motion. *See Gillard v. Proven Methods Seminars, LLC.*, 388 F. App'x 549 (7th Cir. 2010).

Plaintiff Buschle owns and operates an online business out of her home in Cincinnati,

---

[1] Defendants move to dismiss all of Plaintiff's claims on the following bases: (i) failure to state a claim under 15 U.S.C. § 1116(d)(11); (ii) failure to state a claim under the Lanham Act 15 U.S.C. § 1125(a)(1)(B); (iii) claims are barred pursuant to the Illinois One Refiling Rule at 735 ILCS 5/13-217; (iv) dismissal is appropriate under the *Noerr-Pennington* Doctrine; (v) claims are an improper collateral attack on a federal court judgment; (vi) the Absolute Litigation privilege bars Plaintiff's claims of Conversion, Defamation, Defamation *Per Se*, Unfair and Deceptive Trade Practices, and Tortious Interference with Business Relations; (vii) Plaintiff's claims of Conversion, Defamation, Defamation *Per Se*, Unfair and Deceptive Trade Practices, and Tortious Interference with Business Relations are precluded by Illinois law; and (viii) Plaintiff's claims for Attorney's Fees, Punitive Damages, and Treble Damages must be dismissed.

Ohio selling new and used genuine designer handbags under the trade name Designer Handbags Rescue. (Dkt. No. 1, ¶ 1.) Until January 2016, Buschle used her website to sell discounted new and used handbags throughout the United States, including Coach handbags. (*Id.*, ¶¶ 7, 9.) Buschle spent significant time and money investing in her reputation and generating traffic to her website. (*Id.*, ¶ 12.) She was successful and consistently increased the business's revenues between 2012 and 2015. (*Id.*, ¶ 14–16.)

On behalf of Coach, GBC, a law firm, filed a lawsuit against several alleged counterfeiters, including Designer Handbag Rescue, in this district under Case No. 15-cv-2994 (J. Darrah). (Dkt. No. 1, ¶¶ 4, 18.) In their complaint, GBC and Coach alleged that Buschle was one of the online counterfeiters who resided in China and sold "unauthorized and unlicensed counterfeit products" as a part of "an interrelated group of counterfeiters" who were all selling products with Coach's trademarks. (*Id.*) Defendants also filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, which included a Temporary Injunction, a Temporary Transfer of the Defendant Domain Names, a Temporary Asset Restraint, and Expedited Discovery. (Dkt. No. 1, ¶ 20.) Defendants further requested an *ex parte* order to seize Buschle's website under the Lanham Act. (*Id.*) On April 16, 2015, Defendants proceeded to take control of Buschle's domain name and website, locking Buschle out of the website and effectively shutting down her company's operations. (Dkt. No. 1, ¶ 22.) Defendants also posted statements on Buschle's website, such as: "This domain was previously held for the sale of alleged counterfeit COACH products." (Dkt. No. 1, ¶¶ 23–24.) Buschle alleges that her business remained shut down and that the statements remained on her website for more than 24 hours. (Dkt. No. 1, ¶¶ 28.) When Buschle contacted Coach, Coach voluntarily dismissed Designer Handbags Rescue and reactivated here website "within hours." (Dkt. 16 at 2.)

As a result of Defendants' actions, Buschle alleges that a number of customers returned or canceled orders. (Dkt. No. 1, ¶ 31.) Designer Handbags Rescue's average monthly revenues decreased by almost 50% in the second half of 2015 and profits were down to more than 45% per month as compared to 2014. (Dkt. No. 1, ¶ 34.) Ultimately, Buschle shut down Designer Handbags Rescue and her website in January 2016 after suffering "significant and irreparable damage" as a result of Defendants' actions against her and her company. (Dkt. No. 1, ¶ 35.)

Buschle, represented by counsel, filed a complaint against Defendants in Hamilton County, Ohio on February 4, 2016 with the same claims she brings in the instant case. (Dkt. No. 16, Exhibit 1.) Buschle then filed a complaint in the U.S. District Court for the Southern District of Ohio asserting the same claims on April 14, 2016. (Dkt. No. 16 at 2, Exhibit 2.) On June 30, 2016, Buschle dismissed, without prejudice, her claims in state court. (Dkt. No. 16-3, Exhibit 3.) The Southern District of Ohio dismissed the Complaint for lack of personal jurisdiction. (Dkt. 16-4 at 11) (*Bucshle v. Coach, Inc., et al.*, No. 16-471, Dkt. No. 28 (S.D.OH March 28, 2017)).

## **LEGAL STANDARD**

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face to survive a 12(b)(6) challenge. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that supports a reasonable inference that the defendant is liable for the harm. *Id.* The complaint should be dismissed only if the plaintiffs would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *See Visiting Nurses Ass'n of Southwestern Indiana, Inc. v. Shalala*, 213 F.3d 352, 354 (7th Cir. 2000). In making the plausibility determination, the Court relies on its "judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal,* 129 S.Ct. at 1950). For purposes of this motion, this

Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

## **DISCUSSION**

Buschle sues Defendants GBC and Coach for Conversion, Defamation, Defamation *Per Se*, Unfair and Deceptive Trade Practices under 815 ILCS 510, Violations of Lanham Act 15 U.S.C. § 1125(a)(1)(B), Tortious Interference with Business Relations, Attorneys' Fees, Punitive Damages, and Treble Damages. Buschle also sues Coach for Wrongful Seizure under Lanham Act 15 U.S.C. § 1116(d)(11). Defendants' Motions to Dismiss are granted because this is Buschle's third attempt to file the same claims and she is thus barred by the Illinois one refiling rule.

Under the Illinois one refiling rule, "a plaintiff who voluntarily dismisses a suit 'may commence a new action within one year or within the remaining period of limitation, whichever is greater.'" *Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010) (quoting 735 ILCS 5/13-217). Plaintiffs are limited to one second bite at the apple, and no more; "[t]he Illinois courts interpret [Section 13-217] to mean that a plaintiff who voluntarily dismisses a lawsuit may commence only one new action." *Ibid.* (collecting cases); *see also Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 636 (1997) ("This court has interpreted section 13-217 as permitting only one refiling even in a case where the applicable statute of limitations has not yet expired."). This one-refiling rule applies in federal court "because it is a rule of preclusion, like res judicata; and a federal court is required to give full faith and credit to records of (including judgments in) state judicial proceedings." *Carr*, 591 F.3d at 914 (internal quotation marks omitted).

Buschle voluntarily dismissed her initial state court case in Ohio. (Dkt. No. 16, Exhibit 1.) When she filed the same claims in the Southern District of Ohio, the district court dismissed Buschle's case for lack of personal jurisdiction. (Dkt. No. 13 at 6.) Therefore, Defendants assert that Buschle's Complaint constitutes the third refiling of the same claims and her claims must be dismissed. *See Carr*, 591 F.3d at 914 ("[A] plaintiff who voluntarily dismisses a suit may commence *only one* new action.") (emphasis in original) (collecting cases.) Buschle does not contest that these are the same claims that she already filed in Ohio, but argues that: (1) the rule does not apply when the initial action was filed in a foreign court and the second action was dismissed for lack of personal jurisdiction; (2) this is not a diversity case and therefore the Illinois procedural rules should not apply; and (3) even if the case is a third refiling, equitable estoppel applies.

1. Impact of Prior Dismissals

Buschle first argues that section 13-217 should not apply because the initial action was decided in a foreign state court and then was dismissed in a foreign federal court for lack of personal jurisdiction. (Dkt. No. 32 at 6.)[2] However, the plain language of 735 ILCS 5/13-217 does not specify that prior dismissal must come from a court within Illinois nor make any mention of foreign state courts. Buschle also mistakenly asserts that no court has addressed the rule where the initial action was first filed in a foreign state. (Dkt. No. 32 at 6.) *See Ko v. Eljer Indus., Inc.*, 287 Ill. App. 3d 35, 44 (1997) (the Illinois appellate court dismissed the case based on the one refiling rule when plaintiffs had previously filed the same claims in the Central

---

[2] Buschle attempts to distinguish cases cited by Defendants, but does not cite to any case law in support of her position. For example, she states "parties routinely file in multiple courts where, as here, there are multiple defendants residing in different states." (Dkt. No. 32 at 7.) She continues in a footnote, "[t]his is particularly true when the statute of limitations may be an issue. After all, some states do not have saving statutes, and as a result, parties may have to file cases in multiple jurisdictions[.]" (*Id.*) She does not provide any citation for these propositions.

5

District of California.) That she first filed her claims outside of Illinois, therefore, does not matter.

It also does not matter that the Ohio district court dismissed the case for lack of personal jurisdiction. With regard to the Illinois rule, the Illinois Supreme Court explains:

> [T]he reason a cause of action was originally dismissed is important in determining whether a plaintiff can subsequently refile, but after a case has been filed a second time, the reason for the second dismissal is of no consequence at all. No matter why the second dismissal took place, the statute does not give plaintiff the right to refile again.

*Schrager v. Grossman*, 321 Ill.App.3d 750 (1st Dist. 2000) (citing *Timberlake*, 175 Ill.2d at 165); *see also Koffski*, 988 F.3d at 44 (cause of the previous dismissals were irrelevant in analyzing section 13-217). Here, Buschle voluntarily dismissed the first cause of action and that is the relevant dismissal for the purposes of the Illinois rule. Illinois law makes clear that Buschle only gets one second bite at the apple after such a voluntary dismissal and she chose to take that bite in Ohio federal court. *See, e.g., Timberlake*, 175 Ill.2d at 165.

2. Diversity Action

Buschle next argues that this is not purely a diversity action because of her Lanham Act claim and therefore her case is distinguishable from the cases cited to by Defendants. (Dkt. No. 32 at 8.) However, Buschle brought her Complaint pursuant to 28 U.S.C. § 1332(a), and specifically alleged that the Court "has original jurisdiction in that there is *complete diversity*" and the amount in controversy exceeds $75,000. (Dkt. 1 at ¶ 5.) (emphasis added). Taking the allegations in her Complaint as true, the Court sits in diversity and therefore triggers section 13-217. She additionally pleads that the Court has supplemental jurisdiction pursuant to § 1331. (*Id.*)

Because jurisdiction is (at least in part) based on a federal question, Buschle argues that instead of applying the Illinois rule, the Court should apply federal law, specifically 28 U.S.C. §1367(d), in tolling the limitations period. This federal supplemental jurisdiction statute, section 1367, provides the period of limitations for voluntarily dismissed claims. Pursuant to § 1367(d), a voluntary dismissal may trigger a tolling period. But tolling is not at issue here because Defendants do not raise any defenses of timeliness. Indeed, Buschle voluntarily dismissed her state court case on June 30, 2016, and filed her two subsequent cases within a year of the dismissal, in accordance with the timing provision of section 13-217. But section 13-217 is not actually a statute of limitations akin to 28 U.S.C. § 1367(d) but instead is a savings statute. *See, e.g., Reyes v. Court of Claims of the state of Ill.*, 299 Ill.App.3d 1097 (1st Dist. 1998) (section 13-217 is a "'savings statute' [which] enumerates the circumstances under which the statute of limitations for certain actions may be extended.") No amount of tolling will help Buschle because the timeliness of the case is not at issue but rather than the amount of times the case has been filed. And further, Buschle does not cite to any case law, and the Court cannot find any, in support of the position that section 13-217 is no longer applicable when a court sitting in diversity also has jurisdiction on the basis of a federal question.

3. Equitable Estoppel

Finally, Buschle argues that even if the one-refiling rule applies, the doctrine of equitable estoppel allows Buschle to proceed in Illinois. The doctrine of equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001)[3]. (Dkt. No. 32 at 14.) Equitable estoppel "springs from basic

---

[3] The Seventh Circuit has even expressed uncertainty that the doctrine of equitable tolling exists in Illinois. *See Shropshear*, 275 F.3d at 595.

7

considerations of fairness," and "denotes efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Mitchell v. Donchin*, 286 F.3d 447, 450 (7th Cir. 2002).

Buschle argues that Defendants took active steps to "engage Buschle to agree to dismiss" the state court complaint in order to avoid duplicative litigation. (Dkt. No. 32 at 15.) In an affidavit attached to Buschle's response, Buschle's trial counsel, Bryce Lenox, provides more background for the allegedly "active steps" taken on behalf of Defendants. (Dkt. No. 30, Lenox Aff., ¶2.) According to Lenox, the parties engaged in an unsuccessful mediation in Ohio, at which point Coach and GBC agreed to accept service of the Ohio federal complaint, but objected to proceeding in two forums and advised Buschle that she needed to choose one. (*Id.* at ¶3.) Defendants did not specify which case Buschle should dismiss. Buschle agreed to dismiss one of the cases and then voluntarily dismissed her Ohio state court case. (*Id.* at ¶4.) Based on Defendants' proposal that Buschle should dismiss one of her cases, Buschle now argues Defendants took "active steps" which trigger equitable estoppel. But in all the case law cited to by Buschle, the courts contemplate the 'active steps' are done in furtherance of delaying plaintiff's timely filing. *See, e.g., Design Ideas, Ltd. v. Meijer, inc.*, No. 15-3093, 2016 WL 2732155 at *4 (C.D. Ill. May 10, 2016) ("Examples of 'active steps' include when the defendant promises the plaintiff that the defendant will not plead the statute of limitations pending settlement talks or the defendant conceals from the plaintiff evidence the plaintiff needs to determine whether he has a claim.") (collecting cases) (internal citations omitted). Buschle makes no allegation that Defendants concealed any evidence or in any other way prevented a timely filing here. It is the amount of filings that bars the instant case under section 13-217, not the timeliness of the filing.

In fact, there is no indication of any wrongdoing at all on Defendants' part. At the time the attorneys discussed dismissal of one of Buschle's cases, Defendants had no knowledge that a) the Ohio district court would dismiss the case for lack of personal jurisdiction or b) that Buschle intended to file in Illinois should the case be dismissed in Ohio. Without this knowledge and without a crystal ball revealing Buschle would eventually file this action, it is difficult to see how encouraging Buschle to dismiss one of her Ohio cases amounted to any wrong doing. Lawyers make strategic decisions regularly, including where to bring a case. Like all strategic decisions made in litigation, they have consequences. *See Crowe ex rel. Crowe v. Zeigler Coal Co.*, 646 F.3d 435, 444 (7th Cir. 2011); *see also Abbott Laboratories v. Takeda Pharmace3utical Co. Ltd.*, 476 F.3d 421 (7th Cir. 2007). Buschle's counsel knew that personal jurisdiction would not be an issue in the Northern District of Illinois because Defendants' underlying case occurred here. Buschle's attorney nevertheless decided to file in Ohio and to this day stands by the assertion that this is an Ohio case. (Dkt. No. 32 at 7) ("This case at its core is an Ohio case.")[4] It was Buschle's decision to file her case twice in Ohio and she will not get a third bite of the apple in Illinois.

---

[4] Buschle also mentions in her Response pleading that "parties routinely file in multiple courts where, as here, there are multiple defendants residing in different states." This is all the more reason Buschle's counsel should have considered the substantive state laws in Illinois that may have impacted a possible claim here.

## **CONCLUSION**

For those reasons, pursuant to 735 ILCS 5/13-217, Defendants' Motions to Dismiss, [12] and [15], are granted and the case is dismissed.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: December 18, 2017